UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHA RUSHTON, Individually and as Personal Representative of the Estate of GLEN O. RUSHTON, JR., Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>A.W. CHESTERTON COMPANY, et al.,<br><br>Defendants. | No. 2:22-cv-500<br><br>NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION)<br><br>King County Cause No. 22-2-00936-5 SEA<br><br>JURY DEMANDED PURSUANT TO FRCP 38, 81(c) |

TO THE CLERK OF THE UNITED STATES DISTRICT COUT FOR THE WESTERN DISTRICT OF WASHINGTON:

PLEASE TAKE NOTICE that Defendant Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a/ Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation (hereinafter "Westinghouse" or "Removing Defendant"), by and through its undersigned attorneys, hereby removes this civil action to the United States District Court for the Western District of Washington from Superior Court of the State of Washington in and for the county of King pursuant to 28 U.S.C. §§ 1331, 1442, and 1446, whereby this Court has subject matter jurisdiction because of the claims with respect to persons acting at the direction of and under an officer or agency of the United

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) - 1
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

States. Westinghouse's grounds for removal are more particularly stated as follows:

1. On or about January 19, 2022, Plaintiff initiated a civil action entitled, *Martha Rushton, Individually and as Personal Representative of the Estate of Glen O. Rushton, Jr., Deceased v. A.W. Chesteron Company, et al.,* Cause No. 22-2-00936-5 SEA, in King County Superior Court, Washington. *See* Attachment A (Redacted Complaint). Plaintiff simultaneously filed a Jury Demand in King County Superior Court, for a jury of twelve (12) persons. *See* Attachment B (Jury Demand).

2. The Complaint alleges, in part, that Plaintiff's Decedent, Glen O. Rushton, Jr. ("Decedent Rushton"), was exposed to asbestos associated with equipment manufactured or supplied by Westinghouse while serving in the United States Navy from November 1969 to June 1973. Plaintiff specifically alleges exposure aboard the submarine the *USS LEWIS & CLARK* (SSBN 644) and at Puget Sound Naval Shipyard while Decedent Rushton was assigned to the ship. Based on the Complaint, Plaintiff seeks to hold Westinghouse liable in connection with equipment Westinghouse allegedly manufactured and supplied to the U.S. Navy for use aboard the *USS LEWIS & CLARK* (SSBN 644).

3. Plaintiff served Westinghouse with the Complaint on March 15, 2022. *See* Affidavit of Service, Ex. A to the Declaration of Alice C. Serko in Support of Notice of Removal ("Serko Decl.").

4. Removal is timely as it occurs within thirty (30) days of the service of the Complaint on Westinghouse. *See* 28 U.S.C. § 1446(b)(1).

5. Westinghouse is a "person" within the meaning of 28 U.S.C. § 1442(a). *See, e.g., Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 729 (N.D. Ohio 2007)729; *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

6. The basis for removal is that, in the manufacture and sale of Westinghouse equipment for the U.S. Navy, Westinghouse was acting under an officer or with the agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). Pursuant to contracts and

NOTICE OF REMOVAL FROM STATE COURT
UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446
(FEDERAL QUESTION) - 2
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

1  specifications executed and controlled by the U.S. Navy, Westinghouse manufactured equipment for the U.S. Navy for use on its vessels, including the *USS LEWIS & CLARK* (SSBN 644).

7. Any and all equipment produced and supplied by Westinghouse for the U.S. Navy – and therefore any Westinghouse equipment Decedent Rushton might have encountered in the U.S. Navy – was specifically designed and manufactured in accordance with specifications provided by the U.S. Navy and/or its designated agents, and therefore was designed and bult under the direction and control of the U.S. Navy and its officers.

8. Consequently, Westinghouse is entitled to remove this action based on "federal officer" jurisdiction under 28 U.S.C. § 1442(a)(1) because: (a) Westinghouse is a person that has a colorable federal "government contractor" defense; (b) Westinghouse's alleged tortious acts – the manufacture and sale of allegedly defective products for the U.S. Navy occurred under the authority or at the direction of an officer or agency of the United States; and, (c) there is a causal nexus between Plaintiff's claims and the conduct performed by Westinghouse under such authority and/or at such direction. *See Mesa v. California,* 489 U.S. 121 (1989).

9. In order to remove this case under the cited authority, Westinghouse must present a colorable showing of entitlement such that the validity of the defense should be tried in a Federal Court.  *Mesa,* 489 U.S. at 129; *see also, Corley v. Long-Lewis, Inc.,* 688 F.Supp. 2d 1315, 1334 (N.D. Ala. 2010); *Ferguson v. Lorillard Tobacco Co.*, 475 F. Supp. 2d 725, 731 (N.D. Ohio 2007); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 701 (S.D. Tex. 2002). To make a colorable showing of this defense Westinghouse must show that the defense is "plausible" and not "completely frivolous." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996).  The Ninth Circuit and multiple other federal circuits have concluded that defendants who manufactured equipment for the U.S. Navy to government specifications appropriately may remove asbestos personal injury cases to Federal Court. *See Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 361 (2014); *Zeringue v Crane Co.*, 2017 U.S. App. LEXIS 1077 (5th Cir. Jan. 20, 2017); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014); *Sawyer v. Foster*

NOTICE OF REMOVAL FROM STATE COURT
UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446
(FEDERAL QUESTION) - 3
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

*Wheeler LLC*, 860 F.3d 249, 256 (4th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012). Similarly, the district judge appointed by the Judicial Panel on Multi-District Litigation to preside over the multi-district litigation for asbestos personal injury cases concluded that the federal officer statute provides jurisdiction over claims filed against defendants that, like Westinghouse, manufactured equipment pursuant to U.S. Navy specification for use aboard U.S. Navy vessels. *See Hagen v. Benjamin Foster Co.,* 739 F. Supp. 2d 770 (E.D. Pa. 2010).[1]

10. Should Plaintiff file a motion to remand this case, Westinghouse respectfully requests an opportunity to respond more fully in writing in accordance with LCR 7(d)(3), but offers the following authorities at this time:

  a. The "government contractor" defense was established in *Boyle v. United Technologies Corp*. The Supreme Court held that liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. 487 U.S. 500, 512 (1988).

  b. The government contractor defense extends to both product defect claims and failure to warn claims. In a case premised on a failure to warn of dangers allegedly associated with products supplied to the government, a defendant is entitled to the protections of the military contractor defense where: (1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3)

---

[1] Numerous federal district courts have held likewise. *See, e.g., Viale v. Air & Liquid Systems*, 19-cv-00038-MMC (N.D. Cal. Mar. 11, 2019); *Culver v. Asbestos Defendants*, 2010 WL 4704327 (N.D. Cal. Nov. 12, 2010); *Olschewske v. Asbestos Defendants*, 2010 WL 3184317 (N.D. Cal. Aug. 11, 2010); *Redman v. A.W. Chesterton Co.*, 2008 WL 5048205 (N.D. Cal. Nov. 25, 2008); *Wright v. A.W. Chesterton Co.*, 2008 WL 512728 (N.D. Cal. Feb. 25, 2008); *Ballenger v. Agco Corp.*, 2007 WL 1813821 (N.D. Cal. June 22, 2007); *Oberstar v. CBS Corp.*, No. CV 08-118PA (JWJx), 2008 U.S. Dist. LEXIS 14023 (C.D. Cal. Feb. 11, 2008); *Brantley v. Borg-Warner Morse Tec, Inc.*, 2012 WL 1571129 (S.D. Cal. May 3, 2012); *McAboy v. IMO Indus.*, 2005 WL 2898047 (W.D. Wash. Oct. 27, 2005).

NOTICE OF REMOVAL FROM STATE COURT
UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446
(FEDERAL QUESTION) - 4
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not. *See, e.g., Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995).

c. The U.S. Navy issued specifications and other technical documentation identified in applicable contract documents that controlled Westinghouse's U.S. Navy equipment design and construction and specified the materials to be used in conjunction with such equipment. The U.S. Navy retained ultimate decision-making authority with respect to the design and final approval of all Westinghouse equipment constructed for U.S. Navy vessels. All equipment supplied by Westinghouse to the U.S. Navy was manufactured under reasonably precise specification and other technical documentation dictated by the U.S. Navy and identified in applicable contract documents.

d. The U.S. Navy's specifications also covered the nature of any communication affixed to or otherwise accompanying equipment supplied to the U.S. Navy. Westinghouse was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings, information plates, warnings or other written materials required to be provided with regard to equipment it manufactured for the U.S. Navy.  Therefore, Westinghouse was, at all times, acting under the direct authority and control of officers of the U.S. Navy, in carrying out its contracts for the manufacture of equipment for the U.S. Navy vessel upon which plaintiff served. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 419 (5th Cir. 2001); *Michell v. AC & S, Inc.*, 2004 WL 3831228, at *2-3 (E.D. Va. 2004); *Nesbiet v. General Electric Co.*, 399 F. Supp. 2d 205, 212 (S.D.N.Y. 2005); and under *Boyle* and its progeny Westinghouse has a colorable federal defense to Plaintiff's claims.

e. The U.S. Navy was aware of the potential hazards of asbestos as early as 1922,
NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) - 5
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

and by the 1940s, the U.S. Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See, e.g., Nesbiet*, 399 F. Supp. 2d at 212 ("Navy's knowledge of the dangers of asbestos on board its ships was state-of-the-art"); *Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019 (S.D. Ill. 1989) ("the government was aware of the risks of the use of asbestos and chose to continue to use asbestos in spite of this knowledge"). There is a causal nexus between Westinghouse's actions undertaken at the government's direction and the harm that Plaintiff alleges – Decedent Rushton's alleged development of an asbestos-related disease and the allegation that his injury was caused by exposure to asbestos associated with equipment supplied by Westinghouse pursuant to U.S. Navy specification and direction. *Magnin,* 91 F. 3d at 1427-28; *Corley,* 688 F. 3d at 1335.

11. Westinghouse is not required to notify and obtain the consent or approval of any other defendant in this action for removal under § 1442(a)(1). *See e.g.*, *Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.*, 644 F2d 1310, 1315 (9th Cir. 1981); *National Audubon Society v. Department of Water & Power of the City of Los Angeles*, 496 F.Supp. 499, 509 (C.D. Cal. 1980).

12. Immediately upon filing of this Notice of Removal, Westinghouse will file a copy of the Notice of Removal with the Clerk of the King County Superior Court and will provide written notice to counsel for Plaintiff and Defendants in accordance with 28 U.S.C. § 1446(d).

13. Pursuant to LCR 101(b), a copy of the operative Complaint (redacted) and Jury Demand are filed concurrently herewith. *See* Attachment A and B.

14. Pursuant to LCR 101(c) and as required by 28 U.S.C. § 1446(b), Westinghouse will file true and complete copies of all additional records and proceeding in the state court with Defendant's or Defense counsel's verification of the same within 14-days.

NOTICE OF REMOVAL FROM STATE COURT
UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446
(FEDERAL QUESTION) - 6
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

15. Pursuant to LCR 3(e) and for purposes of the Court's Intradistrict Assignment this matter was filed in King County Superior Court, Washington is removed to the United States District Court for Western District of Washington.

16. By seeking removal, Westinghouse does not waive any defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process or service of process.

WHEREFORE, Defendant respectfully requests that the Court remove the above-captioned action now pending against it in the King County Superior Court for the State of Washington, to the United States District Court for the Western District of Washington at Seattle, wherein it shall proceed as an action originally commenced therein.

DATED this 14th day of April, 2022.        TANENBAUM KEALE, LLP

By: s/Christopher S. Marks
By: s/ Malika Johnson
By: s/Alice C. Serko
Christopher S. Marks, WSBA #28634
Malika Johnson, WSBA #39608
Alice C. Serko, WSBA #45992

One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150
Email:   cmarks@tktrial.com
         mjohnson@tktrial.com
         aserko@tktrial.com
         seattle.asbestos@tktrial.com

Attorneys for Paramount Global

NOTICE OF REMOVAL FROM STATE COURT
UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446
(FEDERAL QUESTION) - 7
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Susan Ulrich<br>Charles E.J. Phipps (admitted pro hac vice)<br>WATERS & KRAUS, LLC<br>222 N. Pacific Coast Highway, Suite 1900<br>El Segundo, CA 90245<br>Phone: (310) 414-8146<br>FAX#: (310) 414-8156<br>Email: sulrich@waterskraus.com<br>kpressley@waterskraus.com<br>cphipps@waterskraus.com<br>**Attorneys for Plaintiffs** | Kevin J. Craig<br>GORDON REES SCULLY MANSUKHANI, LLP<br>701 Fifth Avenue, Suite 2130<br>Seattle, WA  98104<br>Phone: (206) 695-5100<br>FAX #: (206) 689-2822<br>E-mail:  seaasbestos@grsm.com<br>**Attorneys for Cleaver-Brooks, Inc.; Puget Sound Pipe and Supply Company** |
| Nicole R. MacKenzie<br>Megan E. Uhle<br>WILLIAMS, KASTNER & GIBBS<br>601 Union Street, Suite 4100<br>Seattle, WA 98101<br>Phone: (206) 628-6600<br>FAX#: (206) 628-6611<br>Email: wkgasbestos@williamskastner.com<br>**Attorneys for Parker-Hannifin Corporation** | Michael Ricketts<br>GORDON, THOMAS, HONEYWELL LLP<br>520 Pike Street, Suite 23500<br>Seattle, WA 98101<br>Phone: (206) 676-7500<br>FAX #: (206) 676-7575<br>Email: IMOservice@gth-law.com<br>service@gth-law.com<br>**Attorneys for IMO Industries, Inc.** |
| G. William Shaw<br>Ryan J. Groshong<br>K&L GATES<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA  98104<br>Phone: (206) 623-7580<br>FAX #: (206) 623-7022<br>Email: se.asbestos@klgates.com<br>**Attorneys for Crane Co.** | Richard Gawlowski<br>WILSON, SMITH, COCHRAN & DICKERSON<br>901 Fifth Avenue, Suite 1700<br>Seattle, WA 98164<br>Phone: (206) 623-4100<br>FAX #: (206) 623-9273<br>Email: Metlifeasbestos@wscd.com<br>**Attorneys for Metropolitan Life Insurance Co.** |

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) - 8
Case No. 2:22-cv-500

Tanenbaum Keale, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150

| | |
|---|---|
| J. Scott Wood<br>Joshua H. Tinajero<br>SINARS SLOWIKOWSKI TOMASKA LLC<br>1000 Second Avenue, Suite 1950<br>Seattle, WA 98104<br>Phone: (206) 705-2115<br>Email: asbestossea@sinarslaw.com;<br>**Attorneys for Tate Andale, LLC** | Anthony Todaro<br>DLA PIPER LLP (US)<br>701 Fifth Avenue, Suite 6900<br>Seattle, Washington 98104-7029<br>Phone: 206.839.4800<br>FAX #:  206.839.4801<br>E-mail: anthony.todaro@us.dlapiper.com<br>adam.desipio@dlapiper.com<br>Seattle.Asbestos@us.dlapiper.com<br>**Attorneys for Pfizer, Inc.** |
| Allen E. Eraut<br>RIZZO MATTINGLY BOSWORTH PC<br>1300 SW Sixth Avenue, Suite 330<br>Portland, OR  97201-3530<br>Phone: (503) 229-1819<br>FAX #: (503) 229-0630<br>Email: asbestos@rizzopc.com<br>**Attorneys for North Coast Electric Company; Warren Pumps; Zurn Industries, LLC** | Ronald Gardner<br>GARDNER TRABOLSI & MORDEKHOV PLLC<br>2200 Sixth Avenue, Suite 600<br>Seattle, WA  98121<br>Phone: (206) 256-6309<br>FAX#: (206)  256-6318<br>Email: asbestos@gandtlawfirm.com<br>**Attorneys for York International Corporation** |
| Dana Kopij<br>Megan E. Uhle<br>WILLIAMS KASTNER & GIBBS<br>601 Union Street, Suite 4100<br>Seattle, WA  98101<br>Phone: (206) 628-6600<br>FAX #: (206) 628-6611<br>Email: wkgasbestos@williamskastner.com<br>**Attorneys for Weir Valves & Controls USA Inc.** | Jason Mills<br>MORGAN LEWIS<br>300 South Grand Ave., 22nd Floor<br>Los Angeles, CA 90071-3132<br>Phone:  213.612.7387<br>FAX #: 213.612.2501<br>Email: jason.mills@morganlewis.com<br>**Attorneys for Carrier Corporation** |

Signed at Seattle, Washington this 14th day of April, 2022.

s/Maria Tiegen
Maria Tiegen
TANENBAUM KEALE, LLP
One Convention Place
701 Pike Street, Suite 1575
Seattle WA 98101
(206) 889-5150
Email:  mtiegen@tktrial.com

NOTICE OF REMOVAL FROM STATE COURT UNDER 28 USC §§ 1331, 1442 (A)(1) AND 1446 (FEDERAL QUESTION) - 9
Case No. 2:22-cv-500